UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS, | No. 2:14-CV-2985 AC P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| C/O BERGSEN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Because this lawsuit may be subject to summary dismissal, plaintiff will not be assessed the statutory filing fee at this time. Accordingly, the request to proceed in forma pauperis will be held in abeyance.

### Duplicative Complaints

The current complaint, filed December 29, 2014, alleges that defendant C/O Bergsen violated plaintiff's Due Process rights when he took plaintiff's "working cassette radio." Complaint (ECF No. 1) at 3. The complaint alleges that although defendant claimed that the radio "didn't work," in fact it did work. Id. The complaint also alleges that despite plaintiff's "constitutional right under the First Amendment to view nude magazines with artistic value, C/O

1

Bergsen also violated this right" by taking the magazine "during a cell search."  Id.

Previously, on March 17, 2014, plaintiff filed a complaint against the same defendant, C/O Bergsen, over what appears to be the same incidents.  Ellis v. C/O Bergsen, 2:14-cv-0705 (E.D. Cal.) (Brennan, M.J.).  In that case, plaintiff alleges that C/O Bergsen violated his Due Process rights when he "took the cassette player and stated it didn't work which is untrue."  Id., ECF No. 1 at 3.  The complaint further alleges that ""C/O Bergsen also took adult material stating that it's illegal to possess nude adults."  Id.  This earlier-filed complaint was dismissed on the merits without leave to amend, as "the deficiencies in plaintiff's claims cannot be cured by further amendment."

## Discussion

It facially appears that the current action is duplicative of the earlier-filed action. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir.) (internal quotation marks omitted), cert. denied, 552 U.S. 1076 (2007).  The determination of whether the actions are duplicative is subject to the test set forth in Adams:

> To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion.  "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."  Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(1) (1982)). In applying the transaction test, we examine four criteria:
>
> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important."  Id. at 1202.

Adams, 487 F.3d at 689-90.

1 | Plaintiff is advised that the Court may dismiss as frivolous a complaint that merely repeats pending or previously litigated claims. 28 U.S.C. § 1915A; see Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Adams, 487 F.3d at 688 ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."). Plaintiff is further admonished that, if he fails to file a timely response to this Order to Show Cause, such failure may be deemed as consent to the dismissal of the instant action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE within thirty days why this case should not be summarily dismissed as duplicative of Case No. 2:14-cv-0705 EFB; and

2. Plaintiff's application to proceed in forma pauperis is HELD IN ABEYANCE, pending resolution of this Order To Show Cause.

DATED: January 11, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE