UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS, | No. 2:14-cv-2985 AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O BERGSEN, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On January 13, 2015, the court issued an Order to Show Cause why plaintiff's complaint should not be summarily dismissed as duplicative of Ellis v. C/O Bergsen, 2:14-cv-0705 EFB (E.D. Cal.) (Brennan, M.J.). ECF No. 4 at 3. Plaintiff's application to proceed in forma pauperis was held in abeyance pending resolution of the OSC. Id. Plaintiff filed a timely response to the OSC. See ECF No. 6.

Duplicative Complaints

The current complaint, filed December 29, 2014, alleges that defendant C/O Bergsen violated plaintiff's Due Process rights when he took plaintiff's "working cassette radio." Complaint (ECF No. 1) at 3. The complaint alleges that although defendant claimed that the radio "didn't work," in fact it did work. Id. The complaint also alleges that despite plaintiff's "constitutional right under the First Amendment to view nude magazines with artistic value, C/O

1

Bergsen also violated this right" by taking the magazine "during a cell search."  Id.

Previously, on March 17, 2014, plaintiff filed a complaint against the same defendant, C/O Bergsen, over what appears to be the same incidents.  Ellis v. C/O Bergsen, 2:14-cv-0705 (E.D. Cal.) (Brennan, M.J.).  In that case, plaintiff alleges that C/O Bergsen violated his Due Process rights when he "took the cassette player and stated it didn't work which is untrue."  Id., ECF No. 1 at 3.  The complaint further alleges that ""C/O Bergsen also took adult material stating that it's illegal to possess nude adults."  Id.  This earlier-filed complaint was dismissed on the merits without leave to amend, as "the deficiencies in plaintiff's claims cannot be cured by further amendment."[1]

Discussion

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir.) (internal quotation marks omitted), cert. denied, 552 U.S. 1076 (2007).  The determination of whether the actions are duplicative is subject to the test set forth in Adams:

> To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion.  "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."  Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(1) (1982)). In applying the transaction test, we examine four criteria:
>
> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise

---

[1] In finding that the complaint failed to state a claim for relief, the court found that although prisoners have a protected interest in their personal property, "plaintiff's due process claim fail[ed] because [plaintiff] ha[d] an adequate post deprivation remedy under California law." Ellis v. C/O Bergsen, 2:14-cv-0705, ECF No. 1 at 3 (citations omitted).  The court also found that plaintiff's claim that he was entitled to adult magazines was not cognizable because "prohibiting prisoners from possessing sexually explicit materials is not unconstitutional." Id. at 3-4 (citations omitted).

out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

Adams, 487 F.3d at 689-90.

As plaintiff has previously been advised, the court may dismiss as frivolous a complaint that merely repeats pending or previously litigated claims. 28 U.S.C. § 1915A; see Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Adams, 487 F.3d at 688 ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.").

In his response to the OSC, plaintiff essentially concedes that the events at issue in the current complaint are the same events addressed in his March 17, 2014 complaint in Case No. 2:14-cv-0705 EFB. See ECF No. 6 at 1. Plaintiff explains that in his March 17, 2014 complaint, he "contested" C/O Bergsen's confiscation of his cassette radio and adult magazines, but was told by the court that he "didn't make a constitutional claim" and "couldn't add additional evidence to [his] complaint." Id. Plaintiff contends that the deficiencies in his March 17, 2014 complaint have been corrected[2] in the instant complaint and that he should be allowed to go forward with his claims because they were unfairly dismissed and have not yet been litigated. See id. at 1-2.

In light of plaintiff's response, the undersigned is persuaded that plaintiff's claims against defendant Bergsen, as set forth in both the present complaint and Case No. 2:14-cv-0705 EFB, involve the same parties,[3] arose from the "same transactional nucleus of facts," allege

---

[2] Plaintiff appears to believe that the problem with his March 17, 2014 complaint was that it did not include any "constitutional arguments." See ECF No. 6 at 2. In the present complaint, plaintiff attempts include "constitutional arguments" by citing to Wolff v. McDonnell, 418 U.S. 539, 556 (1974). See ECF No. 1 at 3.

[3] In Case No. 2:14-cv-0705 EFB, plaintiff named C/O Bergsen, Dr. Feiberg, and E. Faulk Warden as defendants. However, the complaint included allegations against defendant Bergsen only. See id., ECF No. 1. In the instant complaint, plaintiff names C/O Bergsen, Harper, and Grandfield as defendants, but again the complaint includes allegations against defendant Bergsen only. See Case No. 2:14-cv-2985 AC, ECF No. 1. Accordingly, both complaints are comprised solely of allegations against defendant Bergsen.

3

1  "infringement of the same right[s]," and depend upon the "same evidence."[4]  See Adams, 487
2  F.3d at 689.  In addition, plaintiff seeks the same relief in both cases: return of plaintiff's cassette
3  radio and adult magazines.

4      The undersigned's contemporaneous review of the operative complaints and supporting
5  exhibits demonstrate that all of plaintiff's claims in the instant case are duplicated in Ellis v. C/O
6  Bergsen, Case No. 2:14-cv-0705 EFB.  For this reason, the instant action is dismissed.

7      Accordingly, IT IS HEREBY ORDERED that:
8    1. Plaintiff's complaint (ECF No. 1) is dismissed as duplicative of Case No. 2:14-cv-0705
9      EFB;
10   2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied as moot; and
11   3. This action is closed.
12 DATED: October 8, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] The only noticeable difference between the two complaints is that the instant complaint includes as exhibits an administrative bulletin regarding "the ban of materials displaying frontal nudity" and an article discussing "the illegality of the California Department of Corrections and Rehabilitation's new ban on nude pictures," see ECF No. 1 at 4-9, which were not included in plaintiff's March 17, 2014 complaint.

4